# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DAVID MEYERS,** | ) Civil Action No. 7:19-cv-00572 |
| Petitioner, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| **ROANOKE U.S. ATTORNEY,** *et al.,* | ) By: Norman K. Moon |
| Respondents. | ) Senior United States District Judge |

David Meyers, a Virginia inmate proceeding *pro se*, commenced this civil action as a "petition for writ of mandamus." Meyers is a three-striker who has had many cases dismissed as frivolous and/or malicious, and a pre-filing injunction against him is currently in effect in this court. *See Meyers v. Roanoke U.S. Attorney*, No. 7:19cv573, Dkt. No. 10 (September 6, 2019 Order and Injunction). Because this case was filed prior to entry of that injunction, however, I do not treat his petition as governed by it. I instead conclude that the claims his petition is frivolous and will dismiss it on that ground.

In his petition, Meyers names seven respondents. (Pet. 1, Dkt. No. 1.) Four of them are federal officers or agencies (collectively "Federal Respondents"): 1) the U.S. Marshal's Service; 2) Roanoke U.S. Attorney; 3) Kevin Krebs, Assistant Director for the Executive Office for U.S. Attorney; and 4) Thomas T. Cullen, U.S. Attorney for the Western District of Virginia. The other three are state officials (collectively "State Respondents"): 1) Carl Manis, the Warden of Wallens Ridge State Prison ("WRSP"), where Meyers is currently incarcerated; 2) B. Ravizee, who Meyers alleges "makes death threats to [him] and threats to place him on grievance restrictions," (Dkt. No. 1 at 2); and 3) M. Vanhuss, who is not identified in the petition as having taken any particular action, but based on an attachment is identified as a grievance coordinator at WRSP.

In the factual section of his petition, Meyers reiterates numerous claims that he has raised in other lawsuits before this court. For purposes of this order, it is not necessary to recite them.

As relief, Meyers asks the court to enter an order compelling the named respondents to give him showers and recreation "without being chained to chairs in a pod" and he wants a protective order against Manis and other individuals who are not named as Respondents. (Pet. 2.) As to the Federal Respondents, he asks the court to compel them to transfer him from WRSP for his safety.

The petition is dismissed as frivolous because mandamus cannot provide the relief Meyers seeks.[1] First of all, with regard to the State Respondents, mandamus cannot issue to enjoin state officials. *See* 28 U.S.C. § 1361; *AT & T Wireless PCS, Inc. v. Winston-Salem Zoning Bd. of Adjustment*, 172 F.3d 307, 312 n.3 (4th Cir. 1999).

With regard to the Federal Respondents, and as the Fourth Circuit has explained, "[a] writ of mandamus will not issue to compel an act involving the exercise of judgment and discretion." *Cent. S.C. Chapter, Soc. of Prof'l Journalists*, 551 F.2d 559, 562 (4th Cir. 1977). Instead, mandamus will issue "only where the duty to be performed is ministerial and the obligation to act peremptory and plainly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable." *Id.*

Nothing in the law demands any of the Federal Respondents order Meyers' transfer from one Virginia Department of Corrections ("VDOC") facility to another. The fact that Meyers claims there is a federal detainer lodged against him does not mean that the federal respondents can dictate his placement while he is in the custody of VDOC. Instead, the placement decision is

---

[1] This dismissal does not impact Meyers' ability to file a civil rights action based on claims in his petition and against appropriate defendants, subject to the provisions of the Prison Litigation Reform Act.

squarely a matter within VDOC's discretion. Even if there were authority for the named federal officials to demand such a transfer, moreover, it certainly is not something that is required of them, so as to warrant mandamus.

I also decline to construe the petition as a civil rights action under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Meyers has filed numerous civil rights complaints in this court, many of which contain substantially the same allegations contained in his petition for mandamus. Thus, he knows how to file a civil rights action. I see no reason to construe his petition as stating a civil rights claim when he clearly intended to bring it as a writ of mandamus.

For the foregoing reasons, I will dismiss this action as frivolous. An appropriate order will be entered.

**ENTER**: This  1st day of November, 2019.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE